**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**

|  |  |
|---|---|
| P.S. PRODUCTS, INC., BILLY PENNINGTON, Individually, | § § § § § § § |
| Plaintiffs | § § |
| v. | § § § |
| ALIBABA.COM, INC., and ALIEXPRESS.COM, | § § § § |
| Defendants. | § § § § § § § § § § |

NO. 4:10-cv-1149 JMM

**ALIBABA.COM, INC.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULES 12(B)(2) AND 12(B)(6), AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(A)**

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ................................................................................................ 1

II.    PROCEDURAL HISTORY AND STATEMENT OF FACTS AS ALLEGED IN THE COMPLAINT ........................................................................................... 2

    A.    The Complaint's Allegations of Patent Infringement ............................. 2

    B.    Jurisdictional Allegations ....................................................................... 3

III.    ALIBABA.COM, INC. AND THE ACCUSED WEBSITES ............................ 4

IV.    THE COMPLAINT SHOULD BE DISMISSED AS TO ALIEXPRESS.COM ............... 4

V.    THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(2) ................................................................................................................ 5

    A.    Legal Standard ........................................................................................ 5

    B.    This District Does Not Have Jurisdiction Over Alibaba.com, Inc ........ 7

VI.    THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) ................................................................................................................ 8

    A.    Legal Standard ........................................................................................ 8

    B.    Plaintiffs Fail to State a Claim for Direct Patent Infringement ............. 9

    C.    Plaintiffs Fail to State a Claim for Inducement of Patent Infringement .............. 11

VII.    IN THE ALTERNATIVE, IF THIS COURT DOES NOT DISMISS THIS CASE, IT SHOULD TRANSFER THE CASE TO THE NORTHERN DISTRICT OF CALIFORNIA ................................................................................................... 13

    A.    This Action Could Have Been Brought in the Northern District of California ............................................................................................... 13

    B.    The Convenience of the Parties Favors Transfer ................................. 14

    C.    The Convenience of Witnesses Favors Transfer ................................. 16

    D.    The Interests of Justice Favors Transfer .............................................. 17

VIII.    CONCLUSION.................................................................................................. 18

<u>**TABLE OF AUTHORITIES**</u>

<u>**Page(s)**</u>

CASES

*ACCO Brands, Inc. v. ABA Locks Mfr. Co., Ltd.*,
    501 F.3d 1307 (Fed. Cir. 2007)................................................................................11

*Ashcroft v. Iqbal*,
    -- U.S. --, 129 S.Ct. 1937 (2009) ..................................................................2, 8, 12

*Aten Int'l Co. v. Emine Tech. Co.*,
    261 F.R.D. 112 (E.D. Tex. 2009).............................................................................17

*Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*,
    552 F.3d 1324 (Fed. Cir. 2008)..................................................................................5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...........................................................................2, 8, 9, 12

*Bender v. LG Elecs. U.S.A., Inc.*,
    No. 09-2114, 2010 WL 889541 (N.D. Cal. Mar. 11, 2010) ....................................9

*Bender v. Motorola Inc.*,
    No. 09-1245, 2010 WL 726739 (N.D. Cal. Feb. 26, 2010) ...................................12

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
    21 F.3d 1558 (Fed. Cir. 1994)....................................................................................5

*Biometrics, LLC v. New Womyn, Inc.*,
    112 F. Supp. 2d 869 (E.D. Mo. 2000)...............................................................14, 16

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)...................................................................................................5

*Campbell Pet Co. v. Miale*,
    542 F.3d 879 (Fed. Cir. 2008)....................................................................................6

*Cosmetics Warriors Ltd. v. Abrahamson*,
    Civ. No. 10-938, --F. Supp.2d --, 2010 WL 2812710 (D. Minn. July 8, 2008)................13, 16

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
    557 F.2d 1280 (9th Cir. 1977) ...............................................................................7, 8

*DSU Med. Corp. v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir. 2006)................................................................................11

*Elan Microelectronics Corp. v. Apple, Inc.*,
    No. 09-1531, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) .................................10

*Enlink v. Geoenergy Services, Inc. v. Jackson & Sons Drilling & Pump, Inc.*,
    No. 09-3524, 2010 WL 1221861 (N.D. Cal. Mar. 10, 2010) .................................10

<u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

*Eolas Tech., Inc. v. Adobe Sys., Inc.*,
  No. 09-446, 2010 WL 2026627 (E.D. Tex. May 6, 2010).......................................................12

*Epps v. Stewart Info. Servs. Corp.*,
  327 F.3d 642 (8th Cir. 2003) ...................................................................................................6

*Fifth Market, Inc. v. CME Group, Inc.*,
  2009 U.S. Dist. LEXIS 108776 (D. Del. May 14, 2009).........................................................9

*Fujitsu Ltd. v. Tellabs, Inc.*,
  639 F. Supp. 2d 761 (E.D. Tex. 2009)....................................................................................18

*Graphic Controls Corp. v. Utah Med. Prods., Inc.*,
  149 F.3d 1382 (Fed. Cir. 1998)...............................................................................................6

*Hanson v. Denckla*,
  357 U.S. 235 (1958).................................................................................................................5

*Harger v. Oklahoma Gas & Elec. Co.*,
  195 Ark. 107 (1937).................................................................................................................4

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
  466 U.S. 408 (1984).................................................................................................................6

*In re Apple, Inc.*,
  602 F.3d 909 (8th Cir. 2010) ...........................................................................................13, 15

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  695 F. Supp. 2d 680 (S.D. Ohio 2010) ..................................................................................12

*In re Genentech*,
  566 F.3d 1338 (Fed. Cir. 2009)..............................................................................................15

*In re Hutchinson Tech., Inc. Sec. Litig.*,
  536 F.3d 952 (8th Cir. 2008) ...................................................................................................2

*In re Papst Licensing GMBH & Co. KG Litig.*,
  602 F. Supp. 2d 17 (D.D.C. 2009).........................................................................................10

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008)..............................................................................................13

*In re Volkswagen*,
  371 F.3d 201 (5th Cir. 2004) ..................................................................................................16

*Int'l Adm'rs., Inc. v. Pettigrew*,
  430 F. Supp. 2d 890 (S.D. Iowa 2006) ..................................................................................16

<u>**TABLE OF AUTHORITIES**</u>

<u>**Page(s)**</u>

*Jacobs Chuck Mfg. Co. v. Shandong Weida Mach. Co.*,
  2005 U.S. Dist. LEXIS 39079 (E.D. Tex. Dec. 22, 2005)......................................................14

*Jobe v. ATR Mktg., Inc.*,
  87 F.3d 751 (5th Cir. 1996) ......................................................................................................6

*Koninklijke Philips Elecs. N.V. v. The ADS Group*,
  694 F. Supp. 2d 246 (S.D.N.Y. 2010)......................................................................................12

*Laseraim Tools, Inc. v. SDA Mfg., LLC*,
  624 F. Supp.2d 1027 (E.D. Ark. 2008)......................................................................................6

*Manville Sales Corp. v. Paramount Systems, Inc.*,
  917 F.2d 544 (Fed. Cir. 2003)................................................................................................11

*McZeal v. Sprint Nextel Corp.*,
  501 F.3d 1354 (Fed. Cir. 2007)........................................................................................8, 9, 10

*Moyer v. United States*,
  190 F.3d 1314 (Fed. Cir. 1999)..................................................................................................6

*Prism Techs., LLC v. Verisign, Inc.*,
  No. 08-195, 2008 WL 5111044 (D. Neb. Dec. 2, 2008) ...................................................14, 17

*Ray Mart, Inc. v. Stock Bldg. Supply of Tex., L.P.*,
  435 F. Supp. 2d 578 (E.D. Tex. 2006)......................................................................................16

*Realtime Data, LLC v. Stanley*,
  No. 06-326, -- F. Supp.2d --, 2010 WL 2403779 (E.D. Tex. June 10, 2010).....................9, 12

*Romak USA, Inc. v. Rich*,
  384 F.3d 979 (8th Cir. 2004) .....................................................................................................6

*Shearing v. Optical Radiation Corp.*,
  No. 93-850, 1994 WL 382444 (D. Nev. Mar. 25, 1994) .........................................................12

*Silent Drive, Inc. v. Strong Indus., Inc.*,
  326 F.3d 1194 (Fed. Cir. 2003)..............................................................................................5, 6

*Terra Int'l, Inc. v. Mississippi Chem. Corp.*,
  119 F.3d 688 (8th Cir. 1997) ..............................................................................................13, 17

*Tseng v. Marukai Corp. U.S.A.*,
  No. 09-0968, 2009 WL 3841933 (C.D. Cal. Nov. 13, 2009) ..................................................10

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964).................................................................................................................13

<u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
    917 F.2d 1574 (Fed. Cir. 1990)..................................................................14

*Viasystems Techs., Corp. v. Forest City Commercial Dev., Inc.*,
    No. 08-124, 2008 WL 2064971 (E.D. Mo. May 14, 2008) ....................17

*Warner-Lambert Co. v. Apotex Corp.*,
    316 F.3d 1348 (Fed. Cir. 2003)..................................................................11

*Wisdom v. First Midwest Bank of Poplar Bluff*,
    167 F.3d 402 (8th Cir.1999) .......................................................................2

STATUTES

28 U.S.C. § 1391(c) ...........................................................................................14

28 U.S.C. § 1400(b) ...........................................................................................14

28 U.S.C. § 1404(a) ......................................................................................13, 14

35 U.S.C. § 271 ..................................................................................................10

Ark. Code § 16-4-101(B)......................................................................................5

FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 4 ...................................................................................................4

Fed. R. Civ. P. 8 ...................................................................................................2

Fed. R. Civ. P. 12 ...................................................................................... *passim*

OTHER AUTHORITIES

59 AmJur Parties § 52...........................................................................................4

Wright & Miller, Fed. Prac. & Proc. (3d ed.) § 1067.6 .................................7, 8

I.    **INTRODUCTION**

Plaintiffs P.S. Products, Inc. and its president Billy Pennington's (collectively, "P.S. Products" or "Plaintiffs") Complaint for patent infringement in this matter suffers from several fundamental defects, three of which are at issue in this motion.

First, the Complaint names AliExpress.com as a defendant.  As Plaintiffs were informed prior to this filing, AliExpress.com is a website – not a legal entity – and for this reason alone, all claims against it should be dismissed.

Second, the other named defendant, Alibaba.com, Inc., is a California company that has absolutely no jurisdictionally relevant contacts with the state of Arkansas and thus is not subject to personal jurisdiction in this district.  As a review of publically available information would have uncovered, Alibaba.com, Inc. does not operate or have any control over the websites that Plaintiffs claim sell products that purportedly infringe its patents.  Indeed, at the bottom of every page of the accused Alibaba.com and AliExpress.com websites (the "Accused Websites") there is a copyright notice attributed to Alibaba Hong Kong Limited ("Alibaba Hong Kong"), a corporate affiliate of Alibaba.com, Inc.  California-headquartered Alibaba.com, Inc. provides marketing services for Alibaba Hong Kong.  It does not operate any of the Accused Websites in whole or in part.

Third, Plaintiffs have failed to state a claim upon which relief may be granted for either direct or indirect patent infringement.  The Complaint is comprised of entirely conclusory allegations, leaving out key facts and elements of the causes of action such as what patent allegedly has been infringed by which products.  The Complaint also fails to allege properly the intent required for inducement of infringement, as there is no recitation of facts by which Alibaba.com, Inc. could even plausibly have intended listers on the Accused Websites to make

or sell products that it knew would infringe the patents in suit.  Indeed, there is no recitation of any "intent" facts at all.  Under the clarified Rule 8 standard set out by the Supreme Court in *Twombly* and *Iqbal* (cited below), the Complaint is insufficient as a matter of law.[1]

Accordingly, Alibaba.com, Inc. respectfully requests that the Court grant its motion to dismiss for lack of personal jurisdiction and for failing to state a claim for patent infringement.

In the alternative, should this Court decide not to grant Alibaba.com, Inc.'s motion to dismiss, given that all of Alibaba.com, Inc.'s operations are in Northern California and thus the majority of evidence to be provided by it including witnesses exist in California, Defendants respectfully request transfer of this case, for the convenience of the parties, to the Northern District of California.

## II.  PROCEDURAL HISTORY AND STATEMENT OF FACTS AS ALLEGED IN THE COMPLAINT

### A.  The Complaint's Allegations of Patent Infringement

On August 13, 2010, Plaintiffs filed their Complaint for Patent Infringement ("the Complaint") naming Alibaba.com, Inc. and the AliExpress.com website as defendants.  *See generally* Compl.  Plaintiffs allege that Alibaba.com, Inc. and AliExpress.com are "internet sales providers of products via the World Wide Web, at www.alibaba.com and www.aliexpress.com." *Id*. ¶ 10.   After alleging that they "obtained" three patents – United States Patent Nos. D561,294 S; D576,246 S; and D611,115 S (collectively, the "Patents-in-Suit"), all of which are directed to stun gun devices (*see id*. ¶¶ 11-13, 16), Plaintiffs allege the conclusion that Alibaba.com, Inc.

---

[1] Furthermore, based on Alibaba.com, Inc.'s role as a mere marketer trying to promote the brand awareness of the Accused Websites, neither could Plaintiffs allege any of the necessary requisite facts.  Leave to amend would thus be futile.  *See In re Hutchinson Tech., Inc. Sec. Litig.*, 536 F.3d 952, 962 (8th Cir. 2008) (affirming denial of leave to amend where plaintiff's proposed amendments would not save the complaint); *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir.1999) ("[P]arties should not be allowed to amend their complaint without showing how the complaint can be amended to save the meritless claim.").

and AliExpress.com sell illegal copies of P.S. Product's patented stun gun product on

Alibaba.com and AliExpress.com, and that these actions are "deliberate and willful." *Id.* ¶¶ 11-

13, 23.

Plaintiffs then allege 22 cookie-cutter counts of patent infringement (one for each

instance of a purportedly infringing product).  For each "Count," Plaintiffs allege that:

- Defendants have "infringed upon the rights of the Plaintiff's patents,"

- Defendants have "induced individuals and companies to infringe upon the rights of
  the Plaintiff's patents," and

- Defendants have "intentionally and deliberately placed in the stream of commerce an
  illegal copy of the Plaintiff's patented Stun Gun."

*E.g.*, *id.* ¶ 38.

Plaintiffs do not identify which of the Patents-in-Suit are infringed by each identified

product, but rather claim that its patents generally are infringed and for each count, attaches a

copy of a product allegedly displayed Alibaba.com.  *E.g., id.* ¶ 38, Exh. E.  None of the products

attached to the Complaint are from AliExpress.com.

**B.**     **Jurisdictional Allegations**

Plaintiffs allege that Alibaba.com, Inc. and AliExpress.com are subject to personal

jurisdiction in this district because "Defendants are engaged in tortuous [sic] conduct within the

state of Arkansas and in this District, including placing into commerce illegal copies of

Plaintiff's patented goods via www.alibaba.com and www.aliexpress.com and inducing others to

infringe upon the Plaintiff's [sic] patented goods."  Compl. ¶ 7.  Plaintiffs allege that through

their business dealings with residents of Arkansas and unspecified other "business activities,"

Defendants have "maintained substantial, continuous and systematic contacts with the state of

Arkansas."  *Id.*  Further, Plaintiffs allege that defendants have "marketed its goods, services and

provided customer services to the state of Arkansas."  *Id.*  Finally, Plaintiffs allege that this

conduct causes injury to Plaintiffs and their intellectual property in the state of Arkansas.  *Id.*

## III.     ALIBABA.COM, INC. AND THE ACCUSED WEBSITES

Alibaba.com, Inc. is a Delaware corporation with its principal (and only) place of

business in Santa Clara, California (which is in the Northern District of California).  Compl. ¶ 2.

As set forth in the accompanying Declaration of Annie Jie Xu ("Decl.") at ¶ 2, Alibaba.com, Inc.

has no offices in Arkansas and does not operate either of the Accused Websites.  *Id.* ¶¶ 2, 3.

Rather, it only provides marketing for the Accused Websites, developing promotions to

encourage use of the Accused Websites.  *Id.* ¶ 5.  Alibaba.com, Inc. has no jurisdictionally

significant contacts whatsoever with the state of Arkansas – it has not entered into contracts with

local companies here, it has not specifically targeted its marketing and promotional efforts here,

and it has not operated a website that can be viewed in the state of Arkansas, as it operates no

websites whatsoever, let alone the Accused Websites.  *Id.* ¶¶ 3, 5, 6.

## IV.     THE COMPLAINT SHOULD BE DISMISSED AS TO ALIEXPRESS.COM

As set forth above, AliExpress.com is not a company or even a legal entity, but simply a

website (operated by a company other than Alibaba Hong Kong Limited).  It is black letter law

that only an individual or other legal entity has legal capacity to be sued.  *Harger v. Oklahoma*

*Gas & Elec. Co.*, 195 Ark. 107, 119 (1937) (stating that only a natural or artificial person may be

a defendant); 52 AmJur Parties § 52.  AliExpress.com is quite obviously neither a natural person

nor an artificial legal entity.  Indeed, AliExpress.com has not been and could not be served in this

action, as Rule 4 of the Federal Rules of Civil Procedure provides no basis to serve a website.

*See* Fed. R. Civ. P. 4(e)-(j) (providing methods for service of individuals, minors, corporations,

partnerships, associations, the United States and its agencies, and foreign, state or local governments).  On this basis alone, the Court should dismiss this action as to AliExpress.com.

## V.     THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(2)

### A.     Legal Standard

Personal jurisdiction is a two-step inquiry.  The Court must determine, first, whether the Arkansas long-arm statute is satisfied, and then whether due process requirements are met.  *See Silent Drive, Inc. v. Strong Indus., Inc*., 326 F.3d 1194, 1200-1201 (Fed. Cir. 2003).  Because the Arkansas long-arm statute applies to the full extent of due process, however, the two-step inquiry is collapsed into a single consideration of due process.  *See* Ark. Code § 16-4-101(B).  In that regard, "[t]he constitutional touchstone remains whether the defendant purposefully established minimum contacts in the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (internal quotations omitted).  "While the application of this description of due process has evolved along with the increasing national and international scope of business transactions affecting citizens of this country, the Supreme Court has repeatedly cautioned that 'it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd*., 552 F.3d 1324, 1328 (Fed. Cir. 2008) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  Because the jurisdictional determination is "intimately involved with the substance of patent laws," Federal Circuit law applies.  *Avocent Huntsville Corp.*, 552 F.2d at 1329; *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1564-65 (Fed. Cir. 1994).

There are two types of personal jurisdiction – general and specific.  General jurisdiction is said to exist where the defendant has "continuous and systematic general business contacts"

with the forum. *Campbell Pet Co. v. Miale*, 542 F.3d 879, 883 (Fed. Cir. 2008) (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). Specific jurisdiction exists if (1) the defendant "personally directed" its activities at the residents of the forum; (2) the claim "arises out of or relates to" the defendant's activities with the forum; and (3) the assertion of personal jurisdiction is "reasonable and fair." *Silent Drive,* 326 F.3d at 1201-1202.

P.S. Products, the party asserting personal jurisdiction, has the burden of proving such jurisdiction in the face of defendant's challenge. The Court, in its discretion, has the right to rely solely on the parties' written submissions or to hold an evidentiary hearing. Regardless, the pleadings do not provide sufficient information for the Court to rule on a Rule 12(b)(2) motion unless the facts are admitted, so evidence submitted by the parties is frequently considered. *Moyer v. United States*, 190 F.3d 1314, 1318 (Fed. Cir. 1999) (stating that "[f]act-finding is proper when considering a motion to dismiss where the jurisdictional facts in the complaint…are challenged.); *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996) (court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery"). If the Court decides against conducting a hearing, Plaintiffs must make a prima facie showing that personal jurisdiction exists. *Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1383 n. 1 (Fed. Cir. 1998). "Although the evidence is viewed in a light most favorable to the party seeking to establish the court's in personam jurisdiction and factual conflicts are resolved in that party's favor, the party seeking to establish in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging the court's jurisdiction." *Laseraim Tools, Inc. v. SDA Mfg., LLC*, 624 F. Supp.2d 1027, 1029 (E.D. Ark. 2008) (citing *Romak USA, Inc. v. Rich*, 384 F.3d 979, 983 (8th Cir. 2004); *Epps v. Stewart*

*Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).  The Court should not accept as true the allegations in the Complaint that are contradicted by sworn affidavit.  Wright & Miller, Fed. Prac. & Proc. (3d ed.) § 1067.6; *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) ("If only one side of the conflict was supported by affidavit, our task would be relatively easy, for we may not assume the truth of allegations in a pleading which are contradicted by affidavit").

> ## B.     This District Does Not Have Jurisdiction Over Alibaba.com, Inc.

Neither general nor specific jurisdiction over defendant Alibaba.com, Inc. exists in this district.  Personal jurisdiction requires minimum contacts, and Alibaba.com, Inc. lacks the contacts with the state of Arkansas that would confer either general or specific jurisdiction. Alibaba.com, Inc.'s only office is located in Santa Clara, California.  It has not contracted with any party in the state of Arkansas or engaged in other activities in this state.  Decl. ¶¶ 5, 6. Alibaba.com, Inc. does not manufacture or sell any products, but instead provides marketing services to promote the brand awareness of the Accused Websites primarily via trade show exhibition, event marketing, online display advertising, search engine marketing, affiliate marketing, email marketing, social media marketing, cross-promotional business partnership and public relations.  *Id.* ¶¶ 4, 5.  The target audience of Alibaba.com, Inc.'s marketing efforts is small to medium size businesses throughout the entire United States.  *Id.* ¶ 5.  Alibaba.com, Inc. has not carried out any marketing activity that was specifically directed into or specifically tailored for businesses in the state of Arkansas.  *Id.*  Nor has it attended any trade shows there. *Id.* ¶ 6.

As indicated at the bottom of several of the exhibits attached to the Complaint, Alibaba.com, Inc. does not operate the Accused Websites.  *See* Exh. D at 2; Decl. ¶ 3.  It does

not, furthermore, exercise any control over the entity that does.[2]   None of the individuals and

developers of the Accused Websites are employees of Alibaba.com, Inc.  *Id*.  In sum, there is no

plausible basis upon which to exercise personal jurisdiction in this district over Alibaba.com, Inc.

## VI.    THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6)

### A.    Legal Standard

The Supreme Court has recently clarified the appropriate pleading standards.  *See Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937

(2009).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do."  *Twombly*, 540 U.S. at 555.  Indeed, "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements" will not survive a

12(b)(6) motion.  *Iqbal*, 129 S. Ct. at 1949.  "So, when the allegations in a complaint, however

true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at

the point of minimum expenditure of time and money by the parties and the court."  *Twombly*,

540 U.S. at 558 (internal citations omitted).

In patent cases, a motion to dismiss is governed by the law of the regional circuits, with

the law of the Federal Circuit governing the substantive patent issues.  *See McZeal v. Sprint*

*Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).

Under these standards, the Complaint falls short of stating any claim for patent

infringement, as the Complaint is entirely based upon conclusory statements and speculation.

---

[2] To the extent the conclusory allegations contained in Plaintiffs' Complaint contradict any of the foregoing sworn affidavits, the Court should not accept Plaintiffs' allegations as true.  *See* Wright & Miller, Fed. Prac. & Proc. (3d ed.) § 1067.6; *Data Disc.*, 557 F.2d at 1284.

**B.** **Plaintiffs Fail to State a Claim for Direct Patent Infringement**

To state a claim for direct patent infringement, Plaintiffs must allege: that Plaintiffs own the Patents-in-Suit; that Alibaba.com, Inc. has infringed or is infringing by making, selling, or using a device that embodies the invention; that Plaintiffs have given the defendant notice of its infringement; and a demand for an injunction or damages. *See McZeal*, 501 F.3 d at 1356-57. *But see id.* at 1360 (Dyk., J, concurring-in-part and dissenting-in-part) (agreeing that Form 18 is still applicable but noting that "[o]ne can only hope that the rulemaking process will eventually resulting in eliminating the form, or at least in revising it to require allegations specifying which claims are infringed, and the features of the accused device that correspond to the claim limitations."); *Realtime Data, LLC v. Stanley*, No. 06-326, -- F. Supp.2d --, 2010 WL 2403779, at *5 (E.D. Tex. June 10, 2010) (granting motion to dismiss direct infringement claims and noting that "the Court has high expectations of a plaintiff's preparedness before it brings suit.").

Although the impact of *Twombly* on pleading a claim for patent infringement is still in flux, there are certain requirements that Plaintiffs must meet in order to survive a Rule 12(b)(6) motion. For example, the Complaint must contain sufficient allegations such that the defendant understands what the accused product is and what patent it purportedly infringes. *See, e.g., Bender v. LG Elecs. U.S.A., Inc.,* No. 09-2114, 2010 WL 889541, at *5 (N.D. Cal. Mar. 11, 2010) (dismissing complaint for failure to give defendant adequate notice of what was infringing). Applying the standards of *Twombly* to a patent infringement complaint, the District of Delaware concluded that a complaint must specify which of the patents in suit are infringed by the accused products. *Fifth Market, Inc. v. CME Group, Inc.*, 2009 U.S. Dist. LEXIS 108776, at * 4 (D. Del. May 14, 2009). Here, while Plaintiffs do identify products listed on Alibaba.com that it believes are infringing, it does not indicate which of the asserted patents it contends are

infringed by each product. *E.g.,* Compl. ¶ 38 (specifying the product, but claiming generally that it "infringed upon the rights of the Plaintiff's patents.").

Nor have Plaintiffs even alleged directly that they own the Patents-in-Suit or which one of the Plaintiffs is the actual owner. Instead, Plaintiffs vaguely state only that they have "obtained" the Patents-in-Suit – not alleging, for example, whether the patents are owned jointly or by only one of the Plaintiffs, whether the owner (whomever it is) owned the patents in suit at all times relevant to this litigation, or whether all three of the patents in suit have the same owner. This is insufficient to state a claim, as Plaintiffs cannot recover without demonstrating ownership of the patents in suit. *See, e.g., McZeal,* 501 F.3d at 1357.

Further, conclusory allegations merely reciting the statute are insufficient to state a claim. *See, e.g., Enlink v. Geoenergy Services, Inc. v. Jackson & Sons Drilling & Pump, Inc.*, No. 09-3524, 2010 WL 1221861, at *1-2 (N.D. Cal. Mar. 10, 2010) (dismissing direct infringement claim where plaintiff merely alleged that the defendant had "offered for sale, sold, and performed" methods that infringed the patent in suit); *Tseng v. Marukai Corp. U.S.A.*, No. 09-0968, 2009 WL 3841933, at *1 (C.D. Cal. Nov. 13, 2009) (granting motion to dismiss where the complaint provided only conclusory allegations of infringement and attached sales receipts that purportedly identified the infringing goods); *Elan Microelectronics Corp. v. Apple, Inc*., No. 09-1531, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009) (dismissing direct infringement allegations made "on information and belief."); *In re Papst Licensing GMBH & Co. KG Litig.*, 602 F. Supp. 2d 17, 20 (D.D.C. 2009) (denying proposed amendment to complaint to allege that the defendants "have each infringed and are still infringing" as this would still be insufficient to state anything more than a speculative claim). Plaintiffs' Complaint here contains nothing more than a conclusory recitation of Section 271 and a repetitive statement that Alibaba.com, Inc. has

"infringed upon the rights of Plaintiff's patents."  *See* Compl. ¶ 38.  This is not sufficient to state a claim.

**C.**      **Plaintiffs Fail to State a Claim for Inducement of Patent Infringement**

Plaintiffs similarly fail to state a claim for any type of indirect infringement.  To state a claim for infringement by inducement, Plaintiffs must allege two things "first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."  *ACCO Brands, Inc. v. ABA Locks Mfr. Co., Ltd.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007).

As to the intent requirement, the "mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven."  *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1364 (Fed. Cir. 2003) (citing *Manville Sales Corp. v. Paramount Systems, Inc.,* 917 F.2d 544, 554 (Fed. Cir. 2003)).  Federal Circuit law is clear that the alleged infringer must have knowingly induced *infringement*, not merely induced the *acts* that constitute direct infringement.  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304-1306 (Fed. Cir. 2006).  In other words, a plaintiff must allege facts showing how it is at least plausible that the defendants knew they were inducing someone else to infringe the patents in suit, not merely that they were inducing someone to sell the accused goods.  *See, e.g., Warner-Lambert Co.*, 316 F.3d at 1365(finding inducement had not occurred because there was no evidence to show that that the generic drug manufacturer actually encouraged or promoted doctors or pharmacists to prescribe its drug in a manner that would infringe).

Here, Plaintiffs have failed to assert either of these requirements, alleging merely that "Defendants have induced individuals and companies to infringe on the Plaintiff's patented products."  *E.g.,* Compl. ¶ 32.  Plaintiffs fail to identify any direct infringer that Alibaba.com,

Inc. purportedly induced to infringe. This alone renders the inducement allegations inadequate. *See Eolas Tech., Inc. v. Adobe Sys., Inc.*, No. 09-446, 2010 WL 2026627, at *3 (E.D. Tex. May 6, 2010) (dismissing inducement claim for failure to identify a direct infringer); *Bender v. Motorola Inc.*, No. 09-1245, 2010 WL 726739, at * 4 (N.D. Cal. Feb. 26, 2010) (dismissing inducement claim where plaintiff merely alleged that defendant had induced "others" to infringe.); *see also Realtime Data,* 2010 WL 2403779 at * 6 ("[I]ndirect infringement allegations will not survive a Motion to Dismiss… where a plaintiff's complaint fails to identify any asserted claims or any accused products or services for each of the Patents-in-Suit, fails to identify which patents are indirectly infringed, and fails to identify a direct infringer in reference to its indirect infringement claims.").

Similarly, Plaintiffs failed to include any allegations of specific intent to induce infringement – also rendering the inducement allegations inadequate. *See, e.g., In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 695 F. Supp. 2d 680, 685 (S.D. Ohio 2010) (dismissing inducement allegations under *Twombly* and *Iqbal* because there are no allegations of intent to induce infringement); *Koninklijke Philips Elecs. N.V. v. The ADS Group*, 694 F. Supp. 2d 246, 253 (S.D.N.Y. 2010) (dismissing inducement claims and stating the complaint did not "allege facts permitting the conclusion that the MTD defendants acted culpably, with the *specific intent* of inducing infringement, a necessary element of an inducement claim."); *Shearing v. Optical Radiation Corp.*, No. 93-850, 1994 WL 382444, at *2 (D. Nev. Mar. 25, 1994) (dismissing complaint because inducement allegations did not contain even a general averment of knowledge and intent).

Accordingly, the Court should grant Alibaba.com, Inc.'s motion to dismiss as to both of Plaintiffs' infringement theories.

**VII.   IN THE ALTERNATIVE, IF THIS COURT DOES NOT DISMISS THIS CASE, IT SHOULD TRANSFER THE CASE TO THE NORTHERN DISTRICT OF CALIFORNIA**

A district court may transfer a civil action to another proper venue "[f]or the convenience of parties and witnesses, [and] in the interests of justice."  28 U.S.C. § 1404(a).  Section1404(a) is intended "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense" and "reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted).

In patent cases, regional circuit law controls transfer motions.  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).  In the Eighth Circuit, "a transfer motion requires the court to consider [1] the convenience of the parties, [2] the convenience of the witnesses, [3] the interests of justice, and [4] any other relevant factors when comparing alternative venues." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997); *see also In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (finding that district court abused its discretion in refusing to transfer case and noting that the 8th Circuit has declined to offer an "exhaustive list" of factors for consideration, so courts should weigh any "case-specific factors" that are relevant to convenience or fairness); *Cosmetics Warriors Ltd. v. Abrahamson,* Civ. No. 10-938, --F. Supp.2d --, 2010 WL 2812710, at * 6 (D. Minn. July 8, 2008) (granting transfer in part because the court had serious doubts as to whether it had personal jurisdiction over one of the defendants).

**A.    This Action Could Have Been Brought in the Northern District of California**

Section 1404(a) allows transfer to any district in which the case "might have been brought."  28 U.S.C. § 1404(a).  Pursuant to this requirement, the preliminary question is

whether venue is proper in the Northern District of California.  Venue in a patent infringement

action is proper in the district where the defendant corporation resides, or where the defendant

has (allegedly) committed acts of infringement and has a regular and established place of

business.  28 U.S.C. § 1400(b).  For purposes of venue, a corporate defendant is deemed to

"reside" in any judicial district in which it is subject to personal jurisdiction at the time the action

is commenced. 28 U.S.C. § 1391(c); *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d

1574, 1584 (Fed. Cir. 1990) (incorporating 28 U.S.C. § 1391(c) into 28 U.S.C. § 1400(b)).

Alibaba.com, Inc. having its only place of business in Santa Clara, California, was

unquestionably subject to personal jurisdiction in the Northern District of California at the time

the action was commenced, and therefore venue is proper there.  *See, e.g., Jacobs Chuck Mfg.*

*Co. v. Shandong Weida Mach. Co.*, 2005 U.S. Dist. LEXIS 39079, *6-7 (E.D. Tex. Dec. 22,

2005) ("[Defendant] is subject to personal jurisdiction in South Carolina because its principal

place of business is located in Anderson, South Carolina.  Therefore, [Defendant] resides in

South Carolina.").  Accordingly, the Northern District of California is indisputably a venue in

which Plaintiffs' patent infringement suit could have been filed.

## B.      The Convenience of the Parties Favors Transfer

Courts have accorded great weight to the location of the defendants' witnesses and

documents in the transferee district under section 1404(a), especially in patent cases.  *E.g. Prism*

*Techs., LLC v. Verisign, Inc.*, No. 08-195, 2008 WL 5111044, at *6 (D. Neb. Dec. 2, 2008)

(citing the lack of witnesses in the forum state and the presence of likely witnesses in the

Northern District of California as factors weighing strongly in favor of transfer on convenience

grounds); *Biometrics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 876 (E.D. Mo. 2000)

(transferring case because "it is more convenient and practical for the case to be tried in that forum where the defendants have a regular place of business, to facilitate the production of books, records and data necessary to discovery and trial of a patent case").  Indeed courts have recognized the particular importance of this factor in patent cases.  *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.") (internal quotation omitted).

As mentioned above, all of Alibaba.com, Inc's operations are in California and thus the majority of the relevant documents and witnesses related to the allegedly infringing activity exist in California.  This material, as recognized in the *Genentech* case, represents "the bulk of relevant evidence" in a patent case.  *Id.*.  Indeed, Plaintiffs' products are not relevant to the infringement analysis.  All that is to be considered in the infringement analysis are the Patents-in-Suit, which are available anywhere, and the accused activity, which to the extent it relates to Alibaba.com, Inc., must have occurred in California.  Witnesses about Alibaba.com, Inc.'s conduct reside in California and all documentation in Alibaba.com, Inc.'s possession, custody or control, is located in California.  Thus, the Northern District of California is the most convenient forum.  *See In re Apple*, 602 F.3d at 914 ("While electronic filing may lessen the inconvenience of document handling, if the need arises to refer to original documents or evidence in the litigation, Northern California would prove more convenient.").

In addition, Alibaba Hong Kong and Alibaba.com, Inc. have filed a declaratory judgment action against P.S. Products and Pennington in the Northern District of California seeking a declaration that neither Alibaba Hong Kong nor Alibaba.com, Inc. infringe the Patents-in-Suit.  (*see* Northern District of California Case No. 10-cv-4457 EMC).  Were the instant case

transferred to the Northern District of California, the two cases could be consolidated for the most efficient resolution of the dispute at hand.

### C.       The Convenience of Witnesses Favors Transfer

The location of witnesses, especially non-party witnesses, in or closer to the Northern District of California also weighs heavily in favor of a transfer.  Courts have recognized that "[t]he convenience of non-party witnesses is generally considered to be one of the most important factors to be weighed in the venue transfer analysis."  *E.g., Int'l Adm'rs., Inc. v. Pettigrew*, 430 F. Supp. 2d 890, 900 (S.D. Iowa 2006); *see also Cosmetics Warriors Ltd. v. Abrahamson,* 2010 WL 2812710, at * 4 (noting that this factor did not simply turn on the number of witnesses identified by each side, but instead on the importance of their testimony); *Ray Mart, Inc. v. Stock Bldg. Supply of Tex., L.P.*, 435 F. Supp. 2d 578, 591-592 (E.D. Tex. 2006) (finding that the convenience of the witnesses favored transfer as all but possibly two witnesses would be required to travel if the transfer were denied); *Biometrics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d at 876 (granting transfer in part because "all of the key witnesses concerning defendants research, development, manufacture, marketing, sale and distribution of the accused products" were in the other forum).

It is likely, given that the Accused Websites are operated by a company in Hong Kong, that most if not all non-party witnesses will be located in Asia.  The Northern District of California is a more convenient venue for travel from Asia than is Arkansas.  Generally, flights from Asia enter the United States through a west-coast airport, such as San Francisco (which is in the Northern District of California), and there are numerous daily nonstop flights from Hong Kong and other major Asia air hubs such as Tokyo, to San Francisco.  On the other hand, there are no nonstop flights from Hong Kong or Tokyo to Little Rock, Arkansas.  *See In re*

*Volkswagen*, 371 F.3d 201, 204 n.3 (5th Cir. 2004) (noting that the existence or non-existence of nonstop flights from the residences of the likely witnesses to the existing venue can impact the analysis of travel time in a transfer motion). The fact that it would be more convenient to non-party witnesses to resolve this matter in the Northern District of California strongly weighs in favor of transfer.

### D.      The Interests of Justice Favors Transfer

In addition to the Northern District of California being more convenient to the defendants, the defendants' witnesses and the non-party witnesses, the interests of justice favors transfer to the Northern District. The Eighth Circuit's *Terra* decision recognizes that courts may consider a wide variety of nonexclusive factors in determining whether transfer is warranted. *See Terra Int'l*, 119 F.3d at 696. The primary factor for this case is the localized interest of the Northern District of California related to the subject matter of this dispute. "[T]he local interest in having localized controversies decided at home" weighs in favor of transfer. *See Viasystems Techs., Corp. v. Forest City Commercial Dev., Inc.*, No. 08-124, 2008 WL 2064971, at *4 (E.D. Mo. May 14, 2008).

In patent cases, courts have often referenced localized interests by looking to the "center of gravity" of the accused activity. *E.g.*, *Aten Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 126 (E.D. Tex. 2009) (transferring to California); *cf. Prism Techs., LLC*, 2008 WL 5111044, at *4-6 (transferring case based, in part, on focus of accused activities being in northern California).

As detailed above, nearly all relevant activities occurred in the Northern District of California or are more conveniently located to the Northern District. Moreover, this case holds special significance to the Northern District of California due to the core issue it raises: the scope of liability for the listing of allegedly infringing goods on a web platform. Northern California is

home to most of the largest web platforms such Google, YouTube, Yahoo, Facebook, eBay, Twitter and many others.  These strong ties establish a "factual connection" between the industry at-issue in this case and the Northern District of California.  *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 769 (E.D. Tex. 2009).  For these reasons, justice would be served by transferring this case to the Northern District of California.

## VIII.   <u>CONCLUSION</u>

For the foregoing reasons, the Complaint should be dismissed or in the alternative this case should be transferred to the Northern District of California.

Dated: October 4, 2010                    FRIDAY, ELDREDGE & CLARK, LLP


                                          By: /s/  Kevin A. Crass
                                             Kevin. A. Crass
                                             crass@fridayfirm.com

                                          400 West Capitol Avenue, Suite 2000
                                          Little Rock, Arkansas 72201
                                          Telephone: (501) 376-2011
                                          Facsimile:  (501) 244-5370


                                          Darryl M. Woo, CSB 100513
                                          dwoo@fenwick.com
                                          Ryan J. Marton, CSB 223979
                                          rmarton@fenwick.com
                                          Leslie A. Kramer, CSB 253313
                                          lkramer@fenwick.com
                                          FENWICK & WEST LLP
                                          555 California Street, 12th Floor
                                          San Francisco, California  94104
                                          Telephone:      (415) 875-2300
                                          Facsimile:      (415) 281-1350

                                          Attorneys for Defendants
                                          ALIBABA.COM, INC. and
                                          ALIEXPRESS.COM

## <u>CERTIFICATE OF SERVICE</u>

I, Kevin A. Crass, hereby certify that on October 4, 2010, the foregoing was electronically filed with the Clerk which shall send notification of such filing to the following:

- **Chris H. Stewart**
  arklaw@sbcglobal.net

/s/  Kevin A. Crass
KEVIN A. CRASS (84029)
Friday, Eldredge & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas  72201-3522
Telephone:  (501) 376-2011
Crass@fridayfirm.com
Attorneys for Defendants,
Alibaba.com, Inc. and Aliexpress.com