**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**NOV 17 2010**

JAMES W. McCORMACK CLERK
By:
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

P. S. PRODUCTS, INC.,                  )        CASE NO. 4:10-CV-1149(JMM)
BILLY PENNINGTON, Individually    )
                                                    )
          Plaintiffs,                          )
     )
v.                                                 )        **PLAINTIFF'S FIRST**
                                                    )        **AMENDED COMPLAINT**
                                                    )        **FOR PATENT INFRINGEMENT**
ALIBABA.COM, INC., and             )
                                                    )
ALIEXPRESS.COM                       )
                                                    )
          Defendants.                         )

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW the Plaintiffs, P.S. Products, Inc., and Mr. Billy Pennington, hereafter

"Plaintiffs," by and through its attorney, Chris H. Stewart of the Stewart Law Firm, files this

Complaint against Defendants, Alibaba.com, Inc., and Aliexpress.com, hereafter "Defendants:"

**THE PARTIES**

1.        This action is brought by P.S. Products, Inc., and its president, Mr. Billy

Pennington, are manufacturers and distributors of stun guns and other personal security devices,

organized within the state of Arkansas with its principal headquarters at 414 S. Pulaski Street, in

the city of Little Rock, state of Arkansas, 72201.

2.        The Defendants, Alibaba.com, Inc., and Aliexpress.com are internet sales

providers of various products including personal protection devices to retailers, distributors and

individuals throughout the world via the World Wide Web and owns the websites

www.alibaba.com and www.aliexpress.com.    Alibaba.com, Inc., is a corporation organized and

existing in the state of California with business activities throughout the world, on the World

1

Wide Web and specifically in the state of Arkansas. The Defendant is headquartered at 3945 Freedom Circle, Suite 600, Santa Clara, CA 95094.

     3.     Plaintiffs are informed and believe that at all times mentioned in this Complaint, each of the Defendants was the agent of each of the other Defendants and in doing the things averred in this Complaint, was within the course and scope of such agency.

## JURISDICTION AND VENUE

     4.     This is a civil action seeking damages and injunctive relief for patent infringement under 35 U.S.C. § 101 et al.

     5.     Pursuant to 28 U.S.C. § 1331 and 1338(a), this Court has federal subject matter jurisdiction over the Plaintiff's claims for patent infringement.

     6.     Pursuant to 28 U.S.C. § 1391, venue in this suit lies in the Eastern District of Arkansas because the actions which gave rise to the claims presented in this complaint occurred in Little Rock, Arkansas, within the Eastern District of Arkansas.

     7.     The Eastern District of Arkansas has personal jurisdiction of the Defendants because, among other things, Defendants are engaged in tortuous conduct within the state of Arkansas and in this District, including placing into commerce illegal copies of Plaintiff's patented goods via www.aliababa.com and www.aliexpress.com and inducing others to infringe upon the Plaintiff's patented goods. Defendants have maintained substantial, continuous and systematic contacts with the state of Arkansas through its business dealings with residents of the State of Arkansas. Defendants engaged in numerous business activities within the state of Arkansas. Defendant's conduct causes injury to and is directed at, Plaintiffs and their intellectual property within state of Arkansas. But for the Defendant's conduct the Plaintiffs would not have suffered damage. Furthermore, Defendant marketed its goods, services and provided customer

2

services to the state of Arkansas. *See* Ark. Code Ann. § 16-4-101 (1987); <u>Ultimatics, Inc. v. Minimatic, Inc.</u>, 715 F. Supp. 1448 (E.D. Ark. 1989); and <u>Ferrell v. W. Bend Mut. Ins. Co.</u>, 393 F.3d 786 (8th Cir. 2005).

## FACTS APPLICABLE TO ALL CLAIMS

8.      The Plaintiffs specialize in the manufacture and distribution of stun guns, stun devices, gun cleaning kits, and other personal protection devices.

9.      The Plaintiffs market and sale its patented products through trade specialty shows, sales associates and through internet distribution throughout the United States.

10.     The Defendants are internet sales providers of products via the World Wide Web, at www.alibaba.com and www.aliexpress.com, including but not limited, to personal protection devices including illegal copies of the Plaintiff's product.

11.     On February 5, 2008 the Plaintiffs obtained a patent, No. US D561, 294 S, on its Blast Knuckle Stun Gun. *Please see Exhibit A Previously Attached to Plaintiff's Original Complaint.*

12.     On September 2, 2008 the Plaintiffs obtained a subsequent patent, No. US D576,246 S, on its Blast Knuckle Stun Gun. *Please see Exhibit B Previously Attached to Plaintiff's Original Complaint.*

13.     On March 2, 2010 the Plaintiffs obtained patent, No. US D611,115 S on its Stun Gun Flash Light. *Please see Exhibit C Previously Attached to Plaintiff's Original Complaint.*

14.     The Plaintiff's products are one of a kind.

15.     The Plaintiff's designs are its own intellectual property. No goods of this design existed prior to the Plaintiff's designs and patents.

16.    The Plaintiffs are the only holder of patents on products of this kind in the United States.

17.    The Blast Knuckle Stun Gun is the Plaintiffs most sought after and sold product.

18.    The Plaintiffs makes most of its revenue off of the patented Blast Knuckle® stun gun than any other item it sells.

19.    On January 14, 2010 the Plaintiff's attorney sent the Defendants a letter advising them that they were placing in the stream of commerce illegal copies of its patented stun gun. *Please see Exhibit D Previously Attached to Plaintiff's Original Complaint.*

20.    Additionally, the Plaintiffs provided the Defendants copies of screen shots whereby the illegal products were being placed the stream of commerce.

21.    On information and belief the Plaintiffs learned that the Defendants continue selling an illegal copy of the Plaintiff's product.

22.    The Defendants have continued to sell the illegal products on its websites.

23.    The Defendants have sold and continue to sell on their websites illegal copies of the Plaintiff's patents and contributes to third parties selling illegal copies of the Plaintiff's patents on its websites.

24.    The Plaintiff was a paying gold member of the Defendant's website.

25.    On the Plaintiff's listing on the Defendant's websites their patent numbers were displayed.

26.    The Plaintiff was not aware that there were illegal products on the Defendant's websites until Plaintiff's customers notified them.

27.    Some clients even cancelled orders and placed orders with vendors on the Defendant's website.

28.     Most shockingly, the photos used on all the listing of the illegal products on www.alibaba.com and www.aliexpress.com are the Plaintiffs, Billy Pennington's hand.

29.     The Defendant operates and manages its websites in the State of California.  The Plaintiff only had contact with the Defendant's office in California.

30.     The Defendants list there California and Hong Kong address on its website.

31.     The Defendants manage and control what products will and will not be listed on the website.

32.     The Defendant's websites promotes itself as the "global marketplace."

33.     The Defendants profit from its websites, as vendors must pay a fee to list their products.

34.     The Defendant approves who may list products and its website and it chooses who may not be listed on their websites.

35.     Absent the Defendant's websites the Plaintiffs would not have been damaged nor would its patents been infringed upon by the third parties.

36.     After receiving notice of the Plaintiff's patents the Defendants continued to directly infringe on the Plaintiff's patent and induce third parties to list illegal products on its websites.

37.     In August of 2010 both parties attended the ASD trade show in Las Vegas, Nevada.

38.     The Plaintiff purchased a booth offering its patented product for sale to buyers. Alternatively, in the same venue the Defendants purchased a booth and had the illegal products for sale to the same buyers for a cheaper price.

39.     The Defendants products infringed on the Plaintiff's patent.

40.     At the time of the ASD trade show the Defendant had received notice that its products violated the Defendant's patents.

41.     The Defendants chose to ignore the Plaintiffs notice because of the financial incentives it receives from its websites.

42.     The Defendants deliberate and willful actions have significantly caused harmed to the Plaintiffs.

43.     The Defendants continue to induce persons and companies to infringe on the Plaintiff's patented products.

44.     The Defendants have contributorily infringed upon the Plaintiff's patents.

45.     The Defendants are contributory infringers.

46.     The Plaintiffs have lost customers, royalties and profits due the illegal products being placed in the stream of commerce by the Defendants.

47.     The Defendants place in the stream of commerce a price for the illegal product that is significantly less than the Plaintiffs price.

48.     35 U.S.C. § 271 states in part,

"(a) Except as otherwise provided in this title [35 USCS §§ 1 et seq.], whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefore, infringes the patent. (b) Whoever actively induces infringement of a patent shall be liable as an infringer.  (c) Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer."

49.     The Defendant's actions have violated 35 U.S.C. § 271.

50.     With notice and cease and desist the Defendant's actions have violated 35 U.S.C. § 271.

51.     The Defendants, intentionally, willfully, and wantonly violated 35 U.S.C. § 271.

52.     The Defendants without authority placed in the stream of commerce and offered to sell, the Plaintiff's patented inventions, within the United States.

53.     The Defendants have also induced individuals and companies to infringe on the Plaintiff's patented products.

54.     The Defendants directly infringed on the Plaintiff's patent.

55.     The Defendants are contributory infringers by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

56.     "But for" the Defendants placing illegal copies of the Plaintiff's patented product on the World Wide Web the Plaintiffs would have made the sales consummated by the infringer and not lost profits.

57.     The Defendant's actions are the proximate cause of the Plaintiff's damages.

58.     The Plaintiff has suffered lost of reasonable royalties and loss of profits by the Defendant's actions.

## PATENT INFRINGEMENTS
## COUNT I

37.     Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

38.     Defendants have infringed upon the rights of the Plaintiff's patents.   The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents.   The Defendants intentionally and deliberately placed in the stream of commerce an

illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and www.aliexpress.com on or about February 1, 2010 with the following description: "Stun Master Knuckle Blaster." *Please see Exhibit E Previously Attached to Plaintiff's Original Complaint.*

39.     The Defendants have directly infringed upon the rights of the Plaintiff's patents.

59.     The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

40.     Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

41.     As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

**COUNT II**

42.     Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

43.     Defendants have infringed upon the rights of the Plaintiff's patents. The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents. The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and

www.aliexpress.com on or about on March 10, 2010 with the following description: "Blast Knuckles supervoltage self-defensive stun gun/stun guns." *Please see Exhibit F Previously Attached to Plaintiff's Original Complaint.*

44.    The Defendants have directly infringed upon the rights of the Plaintiff's patents.

45.    The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

46.    Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

47.    As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT III

48.    Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

49.    Defendants have infringed upon the rights of the Plaintiff's patents. The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents. The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and

www.aliexpress.com on or about on March 10, 2010 with the following description: "self defense device stun gun." *Please see Exhibit G Previously Attached to Plaintiff's Original Complaint.*

50.   The Defendants have directly infringed upon the rights of the Plaintiff's patents.

51.   The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

52.   Each such infringement by Defendants constitutes a separate and distinct act of infringement.  Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

53.   As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT IV

54.   Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

55.   Defendants have infringed upon the rights of the Plaintiff's patents.   The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents.  The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and

www.aliexpress.com on or about on January 11, 2010 with the following description: "HW-008 stun gun." *Please see Exhibit H Previously Attached to Plaintiff's Original Complaint.*

56.     The Defendants have directly infringed upon the rights of the Plaintiff's patents.

57.     The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

58.     Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

59.     As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT V

60.     Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

61.     Defendants have infringed upon the rights of the Plaintiff's patents. The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents. The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and

www.aliexpress.com on or about on January 11, 2010 with the following description: "knuckle stun gun." *Please see Exhibit I Previously Attached to Plaintiff's Original Complaint.*

62.     The Defendants have directly infringed upon the rights of the Plaintiff's patents.

63.     The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

64.     Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

65.     As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT VI

66.     Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

67.     Defendants have infringed upon the rights of the Plaintiff's patents.   The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents.   The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and www.aliexpress.com on or about on July 6, 2010 with the following description: "Stun gun

Knuckle Blaster (950KV)." *Please see Exhibit J Previously Attached to Plaintiff's Original Complaint.*

68.     The Defendants have directly infringed upon the rights of the Plaintiff's patents.

69.     The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

70.     Each such infringement by Defendants constitutes a separate and distinct act of infringement.  Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

71.     As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT VII

72.     Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

73.     Defendants have infringed upon the rights of the Plaintiff's patents.   The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents.   The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and www.aliexpress.com on or about on July 6, 2010 with the following description: "Best quality

Flashlight Stun Gun." *Please see Exhibit K Previously Attached to Plaintiff's Original Complaint.*

74.   The Defendants have directly infringed upon the rights of the Plaintiff's patents.

75.   The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

76.   Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

77.   As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT VIII

78.   Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

79.   Defendants have infringed upon the rights of the Plaintiff's patents.   The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents.   The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and www.aliexpress.com on or about on July 6, 2010 with the following description: "1600KV

Grasp Self-defense Device (ZC-SF003)." *Please see Exhibit L Previously Attached to Plaintiff's Original Complaint.*

80.     The Defendants have directly infringed upon the rights of the Plaintiff's patents.

81.     The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

82.     Each such infringement by Defendants constitutes a separate and distinct act of infringement.  Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

83.     As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT IX

84.     Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

85.     Defendants have infringed upon the rights of the Plaintiff's patents.   The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents.   The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and www.aliexpress.com on or about on July 6, 2010 with the following description: "Electric

Shock Self Defense Stun Gun Grip type." *Please see Exhibit M Previously Attached to Plaintiff's Original Complaint.*

86.     The Defendants have directly infringed upon the rights of the Plaintiff's patents.

87.     The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

88.     Each such infringement by Defendants constitutes a separate and distinct act of infringement.  Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

89.     As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT X

90.     Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

91.     Defendants have infringed upon the rights of the Plaintiff's patents.   The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents.   The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and

www.aliexpress.com on or about on July 6, 2010 with the following description: "Mini stun gun Blast Knuckles." *Please see Exhibit N Previously Attached to Plaintiff's Original Complaint.*

92.    The Defendants have directly infringed upon the rights of the Plaintiff's patents.

93.    The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

94.    Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

95.    As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT XI

96.    Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

97.    Defendants have infringed upon the rights of the Plaintiff's patents. The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents. The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and www.aliexpress.com on or about on July 6, 2010 with the following description: "Blast Knuckle

Stun Gun Electric Shocker Stun Baton." *Please see Exhibit O Previously Attached to Plaintiff's Original Complaint.*

98.    The Defendants have directly infringed upon the rights of the Plaintiff's patents.

99.    The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

100.    Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

101.    As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT XII

102.    Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

103.    Defendants have infringed upon the rights of the Plaintiff's patents.   The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents.   The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and www.aliexpress.com on or about on July 6, 2010 with the following description: "Flashing

stick/electronic pocket stun gun/self-defense device stun gun." *Please see Exhibit P Previously Attached to Plaintiff's Original Complaint.*

104.    The Defendants have directly infringed upon the rights of the Plaintiff's patents.

105.    The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

106.    Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

107.    As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT XIII

108.    Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

109.    Defendants have infringed upon the rights of the Plaintiff's patents.    The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents.    The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and www.aliexpress.com on or about on July 6, 2010 with the following description: "self defense

19

device stun gun 155 with competitive price." *Please see Exhibit Q Previously Attached to Plaintiff's Original Complaint.*

110.    The Defendants have directly infringed upon the rights of the Plaintiff's patents.

111.    The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

112.    Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

113.    As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT XIV

114.    Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

115.    Defendants have infringed upon the rights of the Plaintiff's patents.    The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents.    The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and www.aliexpress.com on or about on July 6, 2010 with the following description: "Grip/type

supervoltage self-defense flashlight/electric shock LED torch/Stun gun/Electric baton." *Please see Exhibit R Previously Attached to Plaintiff's Original Complaint.*

116.    The Defendants have directly infringed upon the rights of the Plaintiff's patents.

117.    The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

118.    Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

119.    As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT XV

120.    Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

121.    Defendants have infringed upon the rights of the Plaintiff's patents.   The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents.   The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and www.aliexpress.com on or about on July 6, 2010 with the following description: "Super voltage

21

Knuckle Stun Gun blasting and shocking." *Please see Exhibit S Previously Attached to Plaintiff's Original Complaint.*

122.    The Defendants have directly infringed upon the rights of the Plaintiff's patents.

123.    The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

124.    Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

125.    As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT XVI

126.    Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

127.    Defendants have infringed upon the rights of the Plaintiff's patents.    The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents.    The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and www.aliexpress.com on or about on July 6, 2010 with the following description: "Wholesale

mini stun gun 1.8 Million Volt." *Please see Exhibit T Previously Attached to Plaintiff's Original Complaint.*

128.    The Defendants have directly infringed upon the rights of the Plaintiff's patents.

129.    The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

130.    Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

131.    As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT XVII

132.    Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

133.    Defendants have infringed upon the rights of the Plaintiff's patents. The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents. The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and www.aliexpress.com on or about on July 6, 2010 with the following description: "Knuckle Stun

Gun with 950000 volt." *Please see Exhibit U Previously Attached to Plaintiff's Original Complaint.*

134.   The Defendants have directly infringed upon the rights of the Plaintiff's patents.

135.   The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

136.   Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

137.   As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT XVIII

138.   Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

139.   Defendants have infringed upon the rights of the Plaintiff's patents.   The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents.   The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and

www.aliexpress.com on or about on July 6, 2010 with the following description: "Knuckle Stun Gun." *Please see Exhibit V Previously Attached to Plaintiff's Original Complaint.*

140.    The Defendants have directly infringed upon the rights of the Plaintiff's patents.

141.    The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

142.    Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

143.    As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT XIX

144.    Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

145.    Defendants have infringed upon the rights of the Plaintiff's patents.    The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents. The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and www.aliexpress.com on

or about on July 6, 2010 with the following description:  "Shocking Knuckle Stun Gun with 950000 volt." *Please see Exhibit W Previously Attached to Plaintiff's Original Complaint.*

146.    The Defendants have directly infringed upon the rights of the Plaintiff's patents.

147.    The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

148.    Each such infringement by Defendants constitutes a separate and distinct act of infringement.  Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

149.    As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT XX

150.    Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

151.    Defendants have infringed upon the rights of the Plaintiff's patents.    The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents.    The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and www.aliexpress.com on or about on July 6, 2010 with the following description:  "Electric

Shock Self Defense Stun Gun Grip type." *Please see Exhibit X Previously Attached to Plaintiff's Original Complaint.*

152.    The Defendants have directly infringed upon the rights of the Plaintiff's patents.

153.    The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

154.    Each such infringement by Defendants constitutes a separate and distinct act of infringement.  Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

155.    As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

### COUNT XXI

156.    Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

157.    Defendants have infringed upon the rights of the Plaintiff's patents.   The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents.   The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and www.aliexpress.com on or about on July 6, 2010 with the following description: "Mini electric

shock stun gun with LED light." *Please see Exhibit Y Previously Attached to Plaintiff's Original Complaint.*

158.    The Defendants have directly infringed upon the rights of the Plaintiff's patents.

159.    The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

160.    Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

161.    As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT XXII

162.    Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 58, inclusive.

163.    Defendants have infringed upon the rights of the Plaintiff's patents.    The Defendants have induced individuals and companies to infringe upon the rights of the Plaintiff's patents.    The Defendant intentionally and deliberately placed in the stream of commerce an illegal copy of the Plaintiff's patented Stun Gun listed at www.alibaba.com and www.aliexpress.com on or about on February 1, 2010 with the following description: "Blast

28

High Power Knuckle Stun Gun." *Please see Exhibit Z Previously Attached to Plaintiff's Original Complaint.*

164.   The Defendants have directly infringed upon the rights of the Plaintiff's patents.

165.   The Defendants are contributory infringers of the Plaintiff's patents by offering illegal copies of the Plaintiff's patents on its websites and by allowing third parties to offer illegal copies of the Plaintiff's patents on its websites.

166.   Each such infringement by Defendants constitutes a separate and distinct act of infringement.  Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

167.   As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, enhanced damages in the amount of $485,982.00 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, as follows:

1.   Reasonable royalties in amounts to be proven at trial, lost profits in the amount of $161,994.00, with respect to each patent infringement and enhanced damages in the amount of $485,982.00, with respect to each patent infringement, equaling a preliminary monetary damage demand of $14,255,472.00.

2.   Plaintiff's attorneys' fee and full costs.

3.      For such other and further relief as the Court may deem just and proper.

STEWART LAW FIRM

/s/ Chris H. Stewart
By: Chris H. Stewart
Ark. Bar No. 03-222
Attorney for Plaintiff
904 Garland Street
Little Rock, AR 72201
Phone: 501-353-1364
Fax:    501-353-1263
Email: arklaw@comcast.net

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing was electronically filed with the Clerk which shall send notification of such filing to the following:

- Darryl M. Woo
  dwoo@fenwick.com

- Kevin Crass
  crass@fridayfirm.com

On this 12th day of November, 2010.

By: /s/ Chris H. Stewart
Chris H. Stewart

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury as to all claims averred herein that are triable by jury.

STEWART LAW FIRM

/s/ Chris H. Stewart
By: Chris H. Stewart
Ark. Bar No. 03-222
Attorney for Plaintiff
904 Garland Street
Little Rock, AR 72201
Phone: 501-353-1364
Fax:    501-353-1263
Email: arklaw@comcast.net