IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

P.S. PRODUCTS, INC.,
BILLY PENNINGTON, individually                                    PLAINTIFFS

V.                                    4:10CV01149 JMM

ALIBABA.COM INC.,
ALIEXPRESS.COM                                                    DEFENDANTS

**ORDER**

A Motion to Dismiss the Complaint (Docket # 10) was filed by the Defendants on October 10, 2010. In response, the Plaintiffs sought leave to file an Amended Complaint. The parties stipulated and agreed to the filing of the Plaintiffs' Amended Complaint. However, Defendants contend that the Amended Complaint did not remedy the deficiencies of the original Complaint and have filed a Motion to Dismiss the Amended Complaint (Docket # 27). For the reasons set forth below, Motion is GRANTED.

The Court held an evidentiary hearing on this matter on March 8, 2011. During the hearing, Plaintiffs conceded that Aliexpress.com should be dismissed from the action because is not a legal entity and, thus, not capable of being sued. Plaintiffs further clarified that Plaintiff Billy Pennington, individually (hereinafter the "Plaintiff"), and not P.S. Products, Inc., owns the patents at issue in the suit. Therefore, P.S. Products, Inc. does not have standing to bring the patent infringement claims and is also dismissed from the case.

In the Amended Complaint, the Plaintiff alleges that Defendant Alibaba.com, Inc. (the "Defendant") marketed illegal copies of Plaintiff's patented stun guns on the Alibaba.com website (the "Website"). Plaintiff, who also listed the patented stun guns on the Website, notified the Defendant of the alleged infringement. However, Plaintiff contends that the

Defendant continues to market the illegal copies of the stun guns on the Website and at trade shows. As a result, Plaintiff alleges that he has lost customers, royalties, and profits.

Defendant contends that the Amended Complaint should be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim for direct patent infringement, inducement of patent infringement, and contributory infringement. In the alternative, Defendant asks the Court to transfer the case to the Northern District of California if the Court finds that dismissal of the case is not warranted.

### I.   Jurisdiction over Alibaba.com Inc.

Defendant Alibaba.com Inc. is a company that provides marketing services to promote brand awareness of Alibaba.com and Aliexpress.com primarily through trade show exhibitions, event marketing, online display advertising, cross-promotional business partnerships and public relations. The Defendant contends that the Court does not have personal jurisdiction over Alibaba.com Inc. because it is a California corporation with its only office located in Santa Clara, California. The Defendant states that it has not contracted with any party in the State of Arkansas or engaged in any activities in the State. It contends that it is a separate entity from the Website, which allegedly listed the infringing products, and has no control over the Website.

Plaintiff claims that Alibaba.com Inc. purports to market its services to small and medium businesses throughout the United States and, therefore, it is foreseeable that the Defendant might be sued throughout the United States. Plaintiff further claims that the Court has jurisdiction over Alibaba.com Inc. because of its relationship with the Website. Plaintiff contends that the Website sells products for and, therefore, contracts with Arkansas corporations, including the Plaintiff. Plaintiff has attached a list of companies in Arkansas that have products listed on the

Website. (Ex. F to Plaintiffs' Response).

    II.    The Law

In patent cases, the Court must apply the law of the Federal Circuit in determining whether to exercise personal jurisdiction over a defendant. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994). When an evidentiary hearing is held on the matter, a plaintiff has the burden of proving that the court has jurisdiction by a preponderance of the evidence. *Dakota Industries, Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384 (8th Cir. 1991).

"Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating federal due process." *3D Systems, Inc. v. Aarotech Labs, Inc.*, 160 F.3d 1373, 1377-78 (Fed. Cir. 1998).

> To determine whether a court has personal jurisdiction over a nonresident defendant, we ask two questions: (1) whether the applicable state long-arm statute . . . is satisfied; and (2) whether a court's exercise of jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment." *Minn. Mining and Manuf. Co. v. Nippon Carbide,* 63 F.3d 694, 696-97 (8th Cir. 1995). The Eighth Circuit has recognized that the "Arkansas long-arm statute authorizes jurisdiction over foreign corporations to the fullest extent allowed by constitutional due process. Therefore, our inquiry devolves into the single question whether the exercise of personal jurisdiction comports with due process.

*Burlington Ind., Inc. v. Maples Ind., Inc.*,97 F.3d 1100, 1102 (8th Cir. 1996). Due process requires a defendant to have such minimum contacts with the forum state that the maintenance of a suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "Whether minimum contacts are sufficient depends on whether the defendant, by some act, purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws.

This test is met if a defendant has deliberately engaged in activities, such as having created continuing obligations, within a state, and such actions invoke the benefits and protection of a state's laws." *Minn. Mining & Manuf.*, 63 F.3d at 697 (internal citations omitted).

   III.   Analysis

Plaintiff cites *Ferrell v. West Bend Mutual Insurance Company,* 393 F.3d 786 (8th Cir. 2005) for the proposition that a corporation's decision to market services nationwide gives a court general jurisdiction over the corporation in any state. In *Ferrell*, the Eighth Circuit had to determine whether the court had personal jurisdiction over West Bend insurance company. The court noted that West Bend, an out-of-state corporation, offered a broad coverage territory in order to make its policies more marketable and profitable. The court held that the West Bend policy's "territory-of-coverage clause establishe[d] sufficient contact between West Bend and Arkansas to satisfy the strictures of the Due Process Clause." *Id.* at 791. Thus, it should be "foreseeable that West Bend might be sued in Arkansas in connection with a dispute relating to its policy. . . ." *Id.* Likewise, Plaintiff argues that because the Defendant markets its services to businesses throughout the United States it is foreseeable that the Defendant might be sued throughout the United States, including Arkansas, with regard to its services.

The Court does not find the Defendant's product, its marketing services, to be similar to that of an insurance policy. It is foreseeable that an insurance company will be haled into court in jurisdictions where it sells policies because insurance companies, unlike marketing firms, routinely enter into litigation on behalf of their policyholders in the policy territory. Further and maybe more importantly, there is no evidence that the Defendant is under contract to provide marketing services to any Arkansas residents. Annie Jie Xu, General Manager of Alibaba.com

Inc., states that the Defendant has not entered into any contracts with residents of the State of Arkansas or attended or conducted trade shows in the State. (Docket # 12). There has been no evidence presented that the Defendant, through its own actions, has contacts with the State of Arkansas.

Plaintiff also argues that the Defendant's control over the Website, Alibaba.com, establishes sufficient minimum contacts. However, the record is void of any evidence to show that Alibaba.com Inc. has control over the Website. To the contrary, Ms. Xu states that the Defendant does not operate, design, or exercise any control over the Website. (Docket # 12). The Defendant contends that Alibaba.com Hong Kong Limited ("AHKL") operates the Website. Wong Lai Kin Elsa, Senior Legal Director at AHKL, states, "When a merchant becomes a member of the Alibaba.com website, the merchant does not enter into a contract or any type of agreement with Alibaba.com, Inc. Alibaba.com, Inc. does not operate the Alibaba.com website, or any other website." (Docket # 37). There is documentation that supports the Defendant's contention that AHKL is the operator of the Website and the entity responsible for taking alleged infringing products off of the Website. (Def.'s Ex. B to the Reply). Therefore, the Court finds that the Plaintiff has failed to prove by a preponderance of the evidence that the Court has personal jurisdiction over the Defendant Alibaba.com Inc based upon its relationship with the Website.

Moreover, even if the Court were to find that the Defendant had control or ownership of the Website, the Court finds that it would not have jurisdiction over the Defendant based upon the contacts of the Website. In order to determine whether the Court has specific jurisdiction over an internet website, we look to *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119

(W.D. Pa. 1997). The court in *Zippo* explains:

> [T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. . . . At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web Site which is accessible to users in foreign jurisdictions. A passive Web Site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction.

*Id.* at 1124.

According to testimony at the hearing, the Website is in the middle category of websites that provides information to users but does not sell the product listed. It is a portal that receives a fee for any purchase transacted as a result of the listing on the Website. This scenario is similar to the facts in *David White Instruments, LLC v. TLZ, Inc.,* 2003 WL 21148224 (N.D.Ill. 2003). The court in *David White Instruments* had to determine whether it had personal jurisdiction over the defendant based upon its website. The court found that visitors of the website could not purchase products from the website. Once the visitor found the product it wanted to purchase, the visitor was given information, or an alternate website, to make the purchase. The court found that it did not have general personal jurisdiction over the owner of the website based upon this information. It further found that it did not have specific jurisdiction over the owner of the website stating:

> An exercise of specific jurisdiction would not be reasonable and fair because it has no offices, property or contracts in Illinois; it does not manufacture any products in Illinois; it has no employees or shareholders in Illinois; and its principal place of business is in Hong Kong. Toolz's connections with the forum are not such that it should reasonably anticipate being haled into court here.

*Id.* at *7.

Based upon the evidence before the Court, the Court finds that the Plaintiff has failed to show by a preponderance of the evidence that the Court would have specific or general personal jurisdiction over the Defendant based upon the contacts of the Website.

IV.     Conclusion

Defendant Aliexpress.com was voluntarily dismissed from the case by the Plaintiff. Plaintiff P.S. Products, Inc. is dismissed for lack of standing. The Motion to Dismiss the Amended Complaint (Docket # 27) is GRANTED. The case is dismissed without prejudice and the Clerk is directed to close the case.

IT IS SO ORDERED this 10th day of March, 2011.

_____
James M. Moody
United States District Judge